UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| RICKY CROWDER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 2:14-cv-00202-JMS-MJD |
|  | ) |  |
| LARIVA, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**Entry Discussing Motion to Reconsider**

Plaintiff Ricky Crowder, an inmate at the Federal Correctional Complex in Terre Haute, Indiana ("FCC Terre Haute"), brings this action pursuant to the Religious Freedom Restoration Act ("RFRA") and the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). Crowder alleges that his right to practice his religion was violated when the defendants denied his request for a kosher diet. Crowder seeks declaratory and injunctive relief and monetary damages. The defendants previously moved for summary judgment and in the Entry of September 16, 2016, that motion was denied in part and granted in part. Further, based on the record before it at the time, the Court determined that summary judgment should issue in favor of Crowder as to his claims against defendant Chaplain Jones. The parties were therefore given notice and an opportunity to show why summary judgment should not be entered for Crowder. Defendant Chaplain Jones filed a motion to reconsider. For the reasons that follow, the motion for reconsideration [dkt 72] **granted in part and denied in part** and the order to show cause why summary judgment should not enter in Crowder's favor is **discharged**.

# I. Background

In its ruling on the defendants' motion for summary judgment, the Court granted summary judgment in favor of defendants LaRiva, Holston, and Oliver because those defendants showed that they had no personal involvement in any of the alleged actions. Summary judgment was also granted to the extent that no monetary damages may be awarded against any individual defendant in his or her official capacity under RFRA.

Summary judgment was denied in the following respects: Crowder's request for injunctive relief was permitted to proceed against the remaining defendant, Chaplain Jones, in his official capacity. The request for dismissal of Crowder's claims for monetary damages under RFRA against defendant Jones in his individual capacity was denied. Finally, the request for dismissal of Crowder's claims under the First Amendment and RFRA was denied because Jones failed to show that as a matter of law that Crowder's rights were not violated. The Court also held that Jones had not shown that he is entitled to qualified immunity from Crowder's claims.

After denying in part the motion for summary judgment, the Court went on to explain that the facts before it related to Jones's liability were largely undisputed, showed liability on Jones's part, and appeared to compel a ruling in favor of Crowder. The Court therefore notified the parties of the possibility that summary judgment would issue in favor of Crowder on his claims against Jones. Because Crowder did not move for summary judgment, the Court provided the parties notice of its intentions pursuant to Rule 56 (f) of the *Federal Rules of Civil Procedure*. In doing so, the Court identified the following undisputed facts:

> Crowder submitted a number of requests to receive a kosher diet. Crowder explained in those requests that, based on his religious beliefs, he required meals prepared with cookware different than that used to prepare pork. Those requests

were repeatedly denied. These denials resulted in a substantial and unjustified burden on Crowder's rights under the First Amendment and RFRA.

The Court then directed defendant Jones to show why, based on these facts, summary judgment should not be entered in Crowder's favor.

## II. Motion to Reconsider

Jones seeks reconsideration of the Court's ruling. Jones states: "While the Court applied the appropriate summary judgment standard and construed the record in favor of Crowder with respect to Defendants' motion, the Court erred as a matter of law by then making a finding of personal liability against Chaplain Jones and imposing injunctive relief. . . ."

A. *Standard*

Motions to reconsider a summary judgment ruling are brought under Federal Rule of Civil Procedure 54(b), which permits revision of non-final orders. *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). "[M]otions to reconsider an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)." *Woods v. Resnick,* 725 F.Supp.2d 809, 827 (W.D.Wis. 2010). The Seventh Circuit has summarized the role of motions to reconsider as follows:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted). In other words, "Motions to reconsider 'are not replays of the main event.'" *Dominguez v. Lynch*, 612 F. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th

Cir. 2014)). Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present *newly* discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (emphasis added). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1269–70.

B. *The Court's Ruling*

Jones apparently misconstrues the import of September 12, 2016, ruling. Much of the facts before the Court were provided by the defendants. Based on those facts, Court concluded that Jones had violated Crowder's rights under RFRA and the First Amendment Because Crowder had not moved for summary judgment, however, and consistent with Rule 56(f), the Court provided Jones with an opportunity to show why summary judgment should not issue in Crowder's favor. To the extent the Court also found that Crowder is entitled to injunctive relief as he sought in his complaint,[1] that ruling is **clarified** to the extent that the ruling should have explained that if Crowder prevails on his claims, he might be entitled to injunctive relief. To the extent Jones requests that the Court reconsider a ruling it did not make – a final finding of liability against Jones – that motion is **denied**. Thus, the motion for reconsideration is **granted** to the extent that the ruling that Crowder is entitled to injunctive relief is **amended** to a holding that Crowder may be entitled to injunctive relief if he prevails on his claims.

---

[1] The defendant argues that he had no notice of Crowder's request for injunctive relief, but this assertion is belied by his own arguments in support of the motion for summary judgment that "[t]he request for an order that he is entitled to a [kosher diet] is moot, and must be dismissed." Dkt. 54 at pg 28.

4

Jones also appears to seek reconsideration of the summary judgment ruling that violated Crowder's rights under RFRA and the First Amendment. In support of this, he provides voluminous commissary records showing that Crowder has, and continues to, purchase non-kosher food from the commissary. But this evidence is provided for the first time in support of the motion to reconsider and there is no reason it could not have been provided in support of the initial motion for summary judgment. It therefore will not be considered in the context of Jones's motion to reconsider. *See Woods*, 725 F. Supp. 2d at 828 (evidence that could have been presented when the summary judgment motion was pending is not newly-discovered and affords no basis for reconsideration); *Katz-Crank v. Haskett*, No. 1:13-CV-00159-TWP-DML, 2014 WL 3507298, at *2 (S.D. Ind. July 14, 2014) ("A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact; however, a motion to reconsider is not an occasion to make new arguments.") (citing *In re Prince,* 85 F.3d 314, 324 (7th Cir. 1996); *Granite St. Ins. Co. v. Degerlia,* 925 F.2d 189, 192 n. 7 (7th Cir. 1991)).

    C.    *Damages*

Jones also seeks reconsideration of the Court's ruling that Crowder can recover damages for his claims. Jones basis this conclusion on two arguments.

First, Jones argues that the Prison Litigation Reform Act ("PLRA") bars recovery for monetary damages when a plaintiff has not experienced a physical injury and Crowder has not alleged such an injury. Jones did not make this argument in support of his motion for summary judgment, and thus it is not an appropriate basis to reconsider the Court's previous ruling. But even if he had, it would have been unsuccessful. As Jones points out in the motion to reconsider, the PLRA provides:

5

> e) Limitation on recovery
>
> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

42 U.S.C. § 1997e(e). It is thus undoubtedly true that without a showing of physical injury, a prisoner plaintiff cannot recover compensatory damages for emotional or mental injury. *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003). As the Seventh Circuit has explained, however:

> [I]n the context of First Amendment claims, we have held explicitly that prisoners *need not allege a physical injury to recover damages* because the deprivation of the constitutional right is itself a cognizable injury, regardless of any resulting mental or emotional injury. *Rowe v. Shake,* 196 F.3d 778, 781–82 (7th Cir. 1999); *see also Searles v. Van Bebber,* 251 F.3d 869, 879–81 (10th Cir. 2001) (nominal and punitive damages for First Amendment violation not barred); *Allah v. Al– Hafeez,* 226 F.3d 247, 252 (3d Cir. 2000) (same); *Canell v. Lightner,* 143 F.3d 1210, 1213 (9th Cir.1998) (any form of relief for First Amendment violations available, if not for mental or emotional injury).

*Id*. at 940-41. In short, Jones has failed to show that Crowder would not be entitled to monetary damages if he prevailed on his claims.

Second, Jones seeks reconsideration of the Court's ruling that Crowder is entitled to recover monetary damages under RFRA. In support of his motion for summary judgment, Jones argued that RFRA did not waive United States' sovereign immunity against monetary damages and concluded that monetary damages also should not be permitted against a government official in his individual capacity. The Court disagreed and followed the reasoning of *Patel v. Bureau of Prisons*, 125 F.Supp.3d 44 (D.D.C. 2015), to hold that RFRA does permit monetary damages against an individual defendant. Jones seeks reconsideration of this ruling arguing that proper construction of RFRA requires a conclusion that monetary damages are unavailable. Jones did not previously present these arguments and has not shown that the Court's ruling was a manifest error

of law. His request for reconsideration of this ruling is therefore denied. *See Caisse Nationale*, 90 F.3d at 1269–70. (A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.").

D. *Qualified Immunity*

Jones also argues that the Court erred in denying him qualified immunity. Jones argues that "the record establishes that Chaplain Jones denied Crowder's request for the certified menu based on reasonable efforts to ascertain whether Crowder actually had adequately identified a sincerely held religious need for that diet." Dkt. 73 at 15. Again, Jones is using the motion to reconsider to repackage arguments that could have been presented in the first instance and this alone is a reason to deny reconsideration. Nevertheless, the Court will consider those arguments in some detail.

"Qualified immunity protects officers performing discretionary functions from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights that a reasonable person would know about." *Mustafa v. City of Chicago*, 442 F.3d 544, 548 (7th Cir. 2006). Analysis of the qualified immunity defense requires a consideration of: (1) whether the plaintiff's statutory or constitutional rights were violated and (2) whether the right clearly established at the time. *Id.* Jones focuses the motion for reconsideration on the second element – whether the right was clearly established at the time of the alleged violation. This element requires a conclusion that "in light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Jones argues that he is entitled to qualified immunity on Crowder's First Amendment and RFRA claims. In considering qualified immunity in the context of prisoner's diet requests, the

of law. His request for reconsideration of this ruling is therefore denied. *See Caisse Nationale*, 90 F.3d at 1269–70. (A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.").

D. *Qualified Immunity*

Jones also argues that the Court erred in denying him qualified immunity. Jones argues that "the record establishes that Chaplain Jones denied Crowder's request for the certified menu based on reasonable efforts to ascertain whether Crowder actually had adequately identified a sincerely held religious need for that diet." Dkt. 73 at 15. Again, Jones is using the motion to reconsider to repackage arguments that could have been presented in the first instance and this alone is a reason to deny reconsideration. Nevertheless, the Court will consider those arguments in some detail.

"Qualified immunity protects officers performing discretionary functions from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights that a reasonable person would know about." *Mustafa v. City of Chicago*, 442 F.3d 544, 548 (7th Cir. 2006). Analysis of the qualified immunity defense requires a consideration of: (1) whether the plaintiff's statutory or constitutional rights were violated and (2) whether the right clearly established at the time. *Id.* Jones focuses the motion for reconsideration on the second element – whether the right was clearly established at the time of the alleged violation. This element requires a conclusion that "in light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Jones argues that he is entitled to qualified immunity on Crowder's First Amendment and RFRA claims. In considering qualified immunity in the context of prisoner's diet requests, the

Seventh Circuit has explained that "'a prisoner's religious dietary practice is substantially burdened when the prison forces him to choose between his religious practice and adequate nutrition.'" *Thompson v. Holm*, 809 F.3d 376, 381 (7th Cir. 2016) (quoting *Nelson v Miller,* 570 F.3d 868, 879 (7th Cir. 2009)). Further, it is clearly established, and was at the time Crowder made his religious diet requests, that "[s]incere religious beliefs must be accommodated . . . but non-religious beliefs need not be." *Vinning-El v. Evans*, 657 F.3d 591, 594 (2011). In other words, if a prison official reasonably believed that a diet request was insincere, he is entitled to qualified immunity. *Id.*

In support of the motion for summary judgment, Jones argued that Crowder did "not have a clearly established right to a kosher diet without going through the bureau established religious diet procedures." Dkt. 54 p. 32. Jones went on to argue that Crowder:

> requested that he be provided a diet free of pork and pork byproducts, and that is precisely the diet he was provided with until his interview responses more fully articulated that his religious practices required a Certified Diet (Kosher) component. The qualified immunity inquiry could be framed as whether a reasonable officer would have known that an inmate has a right to a religious diet of his choice without going through institutional procedures.

Dkt 54 at 33. Considering these arguments, the Court found, based on the record before it, that Jones was not entitled to judgment as a matter of law based on qualified immunity. As the Court pointed out "Jones quotes case law stating that prison officials are entitled to consider the sincerity of a prisoner's request, but he does not argue or cite to evidence that Crowder's first three requests were not based on his sincere religious beliefs. And, in any event, the fact that Crowder's religious preferences were accommodated in other ways supports instead of undermines the sincerity of his beliefs." Dkt. 65 pg 24.

Jones now argues:

> At the time that [he] denied Crowder's first three requests, it was not clearly established that denying a prisoner's request for a specific diet based on the chaplain's doubts concerning the relationship between the prisoner's request and his beliefs and the prisoner's understanding of the faith-based reasoning for the diet violated the prisoner's rights under the First Amendment and RFRA.

Dkt. 73, pg 19-20. But this is not what Jones argued initially in support of summary judgment. Jones argued in support of summary judgment that:

> the decisions to place [Crowder] on the self-select component of the Alternative Religious Diet were based solely on [Crowder's] responses to the various interviews, and based upon the Chaplain's good faith application of the Bureau policy as understood by each of them. It was [the Chaplain's] discretionary judgment that the self-select component of the Alternative Religious Diet was most appropriate to accommodate [Crowder's] religious dietary needs.

Even if the Court were inclined to consider Jones's newly-framed argument that he had doubts about Crowder's sincerity, Jones still has not established that qualified immunity is warranted. It is settled that "[a] prison is entitled to ensure that a given claim reflects a sincere religious belief, rather than a preference . . . ." *Vinning-El v. Evans*, 657 F.3d 591, 594 (7th Cir. 2011). But a prison cannot deny an accommodation that is based on a sincerely held religious belief. *Id.*

Here, the argument that Jones's decision to place Crowder on the self-select diet instead of the kosher diet was based on his reasonable doubts about Crowder's sincerity is not supported by undisputed evidence. First, Crowder was given a partial accommodation by being permitted to take advantage of the self-select component of the Alternative Religious Diet, but he persisted in requesting a certified kosher diet. This supports a conclusion that Jones thought Crowder had a sincerely held religious belief that required dietary accommodation, but Crowder disagreed as to what that dietary accommodation was. *See Thomas v. Review Bd. of Indiana Employment Security*

9

*Division,* 450 U.S. 707 (1981) (An individual's understanding of the demands of his or her religion is entitled to First Amendment protection, even if that understanding is not shared by others professing the same religion); *Vinning-El*, 657 F.3d 591, 593 (7th Cir. 2011) ("If chaplain Sutton refused to approve religious diets for inmates who differ on dietary questions from their church's leaders, he violated clearly established rules of constitutional law.") *Jackson v. Mann,* 196 F.3d 316 (2d Cir. 1999) (plaintiff, who considered himself Jewish, was entitled to receive kosher diet even though prison chaplain, a rabbi, found that plaintiff had not shown that he was a Jew under Jewish religious law).

Moreover, upon his profession of his religious beliefs, Crowder's religion preference was changed from Protestant to Hebrew Israelite, he was given access to Friday night religious services, Seder meal, yarmulkes, and religious materials. These facts at least raise a dispute of fact regarding whether Jones doubted the sincerity of Crowder's religious beliefs. In addition, Jones's argument that he gave Crowder what he requested based on these facts amounts to an assertion that Jones believed that Crowder had a sincere religious belief requiring him to maintain a pork-free diet, access Friday night religious services, participate in Seder meal, and have yarmulkes and religious materials, but that he did not have a sincere religious belief requiring him to maintain a certified kosher diet. This argument is untenable. It is equivalent to concluding that Crowder had a sincerely held religious belief and then deciding what the contours of that belief were, an action for which qualified immunity is not available.

In short, in support of summary judgment, Jones argued not that Crowder's religious diet requests were insincere, but that they were accommodated, a conclusion that was belied by the record. Jones has established no manifest error in that ruling. His newly-framed argument – that

he had reasonable doubts about Crowder's sincerity – is not supported by the evidence. He therefore has not shown that he is entitled to reconsideration of the Court's conclusion that he is not entitled to qualified immunity as a matter of law.

### III. Jones's Response to the Court's Rule 56(f) Instructions

In the ruling on the motion for summary judgment, the Court directed Jones to show why summary judgment should not issue in Crowder's favor. Jones responds, stating, "[i]n the alternative, Chaplain Jones provides specific genuine issues of material fact preventing the entry of summary judgment against him as directed by this Courts September 12, 2016 Entry." Based on Jones's presentation of evidence that raises a genuine issue of material fact, the order to show cause why summary judgment should not issue in Crowder's favor is **discharged**. In addition, Crowder has sought summary judgment on his claims and Jones responded to that motion. Because Crowder has separately moved for summary judgment and because Jones responded, the question of whether summary judgment should issue in favor of Crowder will be discussed in a separate order.

### IV. Conclusion

For the foregoing reasons, Jones's motion to reconsider [dkt 72] is **granted in part and denied in part**. The order to show cause why summary judgment should not issue in Crowder's favor is **discharged**. Crowder's motion for summary judgment will be discussed separately.

**IT IS SO ORDERED.**

Date: 2/21/2017

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RICKY CROWDER
15807-039
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE
Gina.Shields@usdoj.gov

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov