UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RICKY CROWDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-00202-JMS-MJD |
| | ) | |
| LARIVA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Denying Plaintiff Crowder's Motion for Summary Judgment**

Plaintiff Ricky Crowder, an inmate at the Federal Correctional Complex in Terre Haute, Indiana ("FCC Terre Haute"), brings this action pursuant to the Religious Freedom Restoration Act ("RFRA") and the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). Crowder alleges that his right to practice his religion was violated when the defendants denied his request for a kosher diet. The defendants previously moved for summary judgment and in the Entry of September 16, 2016, that motion was denied in part and granted in part. Only the claims against defendant Chaplain Jones based on his denial of Crowder's religious diet requests remain. Further, based on the record before it at the time, the Court determined that summary judgment should issue in favor of Crowder. The parties were therefore given notice and an opportunity to show why summary judgment should not be entered for Crowder. Crowder has since filed a motion for summary judgment[1] and Jones has filed a motion to reconsider. For the reasons that follow, Crowder's motion for summary judgment [dkt 66] is **denied**. Jones's motion to reconsider is discussed in a companion ruling to this Entry.

---

[1] Crowder filed two motions for summary judgment. Because the second is a duplicate of the first, the duplicate motion for summary judgment [dkt 67] shall be **terminated as a motion.**

## I. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490. Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II. Facts[2]

In April of 2012, Crowder requested that his religious preference be changed from Protestant to Hebrew-Israelite and that he be provided a pork-free diet. Jones changed Crowder's religious preference to Messianic, which is the designation that the BOP uses to denote all Hebrew-Israelite inmates. On May 4, 2012, Jones conducted the first Religious Diet Interview and on May 5, 2012, Jones informed Crowder that he had been approved to self-select foods from the mainline,

---

[2] Some of these facts are taken from the briefing and ruling on the defendants' motion for summary judgment and are used to provide background.

2

but not for certified kosher meals. Based on Crowder's request, Jones conducted another Religious Diet Interview on October 27, 2012. Crowder was again approved only for the self-select diet. On May 19, 2013, Crowder again requested to be approved to receive certified kosher meals. He was again approved only for the self-select diet. Then, in April of 2015, Crowder was approved for the certified kosher diet.

Meanwhile, Crowder also obtained food through the commissary program. At FCC Terre Haute, inmates may generally purchase food items through the commissary on a weekly basis. To make a purchase, the inmate fills out a commissary sheet checking off his selections, it is filled by the commissary, and money is taken from the inmate's trust account to pay for the purchases. The commissary lists alert inmates to food items that are kosher, halal, a healthy item, or vegetarian/vegan. For items that are kosher, the symbol "(k)" is placed next to the item. A record of Crowder's purchases from the commissary from April 10, 2012, through September 12, 2016, demonstrates that he has consistently purchased non-kosher items from the commissary. For example, on May 8, 2012, six days after changing his religious preference to Messianic-Sabbatarian, he did not change his personal commissary selections to kosher, but rather his purchases included chili ramen, beef ramen, and jalapeno squeeze cheese, none of which are designated as kosher. On July 18, 2012, he purchased Velveeta cheese and mozzarella cheese—both designated non-kosher. On November 14, 2012, two weeks after his October 27, 2012, religious diet interview with Chaplain Jones, he purchased halal beef sausage, hot beef sticks, and chicken ramen, none of which were designated kosher. His purchases of non-kosher designated chili with beans, hot beef sticks, turkey logs, sausages, ramen, and Velveeta cheese products continued through 2013 and into 2014. On April 2, 2015, Crowder had a fourth religious diet

3

Interview. He continued to purchase a selection of non-kosher designated preprocessed meats, meat products, and cheese and cheese products even after he was approved for the kosher diet.

### III. Discussion

Crowder alleges that because his requests for a kosher diet were continuously denied, his rights under RFRA and the First Amendment were violated. Jones argues that Crowder is not entitled to summary judgment because there is a genuine issue of material fact regarding whether the denial of a kosher diet substantially burdened Crowder's religious rights. Jones further argues that Crowder is not entitled to recovery monetary damages.

A. *Substantial Burden*

To prevail of a claim under RFRA or the Free Exercise Clause of the First Amendment[3] a plaintiff must show that his right to exercise his religion was substantially burdened. In other words, the plaintiff must show that the defendants substantially burdened the exercise of a sincerely held religious belief. *See Patel v. Bureau of Prisons,* 515 F.3d 807, 814 (8th Cir. 2008) ("[T]he same definition of 'substantial burden' applies under the Free Exercise Clause, RFRA, and RLUIPA."). "[A] substantial burden on the free exercise of religion . . . is one that forces adherents of a religion to refrain from religiously motivated conduct, inhibits or constrains conduct or expression that manifests a central tenet of a person's religious beliefs, or compels conduct or expression that is contrary to those beliefs." *Koger v. Bryan,* 523 F.3d 789, 798 (7th Cir. 2008) (internal quotation and citation omitted); *see also Burwell v. Hobby Lobby Stores, Inc.*, 134 S.Ct.

---

[3] As in the briefing for the defendants' motion for summary judgment, the parties do not discuss whether the First Amendment analysis should be governed by *Employment Div. v. Smith*, 494 U.S. 872 (1990), which holds that the free-exercise clause does not require accommodation of religious practices, and that identical treatment of believers and non-believers satisfied the First Amendment. The Court will therefore also not address the potential application of *Smith*.

2751, 2775 (2014); *Thomas v. Review Bd. of Ind. Employment Sec. Div.,* 450 U.S. 707, 718 (1981). "[A] prisoner's religious dietary practice is substantially burdened when the prison forces him to choose between his religious practice and adequate nutrition." *Nelson v. Miller*, 570 F.3d 868, 879 (7th Cir. 2009).

Here, Crowder requested to be allowed to receive the certified kosher diet and that request was denied three times. Crowder asserts that these denials were the product of discrimination against him and violated his right to practice his religion. Jones argues that there is a genuine dispute of fact regarding whether the denial of Crowder's requests for a kosher diet substantially burdened his right to practice his religion because Crowder continued to purchase, and presumably consume, non-kosher items from the commissary. Jones has presented substantial evidence that, since he started requesting a kosher diet until the present time, Crowder consistently purchased non-kosher items from the commissary. Because Jones has presented evidence to support a conclusion that Crowder continued to purchase non-kosher food during the time that he was requesting to be served a kosher diet, Jones has raised a genuine issue of material fact regarding whether Crowder's right to practice his religion was substantially burdened by the denial of a kosher diet.

B. *Damages*

Jones also argues that, even if he prevails on his RFRA and First Amendment claims, Crowder is not entitled to recover monetary damages. These arguments are discussed at length in the rulings on the defendants' motion for summary judgment and motion to reconsider and will not be repeated here. For the reasons discussed in those rulings, Crowder may be entitled to recover monetary damages if he prevails on his claims.

## IV. Conclusion

For the foregoing reasons, Crowder's motion for summary judgment [dkt 67] is **denied**. Jones has demonstrated a genuine issue of material fact regarding whether Crowder's right to practice his religion was violated.

The Court will endeavor to recruit an attorney to represent Crowder for the purposes of settlement negotiations. Once an attorney is recruited, the Magistrate Judge will be requested to hold a status conference to direct further proceedings. If he objects to the recruitment of an attorney to represent him, Crowder shall have **ten days** from the issuance of this Entry to notify the Court.

**IT IS SO ORDERED.**

Date: 2/21/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RICKY CROWDER
15807-039
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE
Gina.Shields@usdoj.gov

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov