# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RICKY CROWDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-00202-JMS-MJD |
| | ) | |
| CHAPLAIN JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## Entry Discussing Motion to Dismiss

Plaintiff Ricky Crowder, an inmate at the Federal Correctional Complex in Terre Haute, Indiana ("FCC Terre Haute"), brings this action pursuant to the Religious Freedom Restoration Act ("RFRA") and the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). Crowder alleges that his right to practice his religion was violated when the defendants denied his request for a kosher diet. Crowder's *Bivens* and RFRA claims against Chaplain Jones remain. Jones now moves to dismiss Crowder's *Bivens* claim based on the recent Supreme Court case *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017). Crowder has not opposed the motion.

## I. Motion to Dismiss Standard

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual

allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## II. Discussion

Chaplain Jones argues that the *Abbasi* court explained that a cause of action for damages under *Bivens* has been recognized by the Supreme Court only three times and expansion of *Bivens* beyond the three types of cases already recognized should be allowed in only very limited circumstances, which, according to Jones, are not present in this case. Jones concludes therefore that Crowder's First Amendment claims brought pursuant to *Bivens* must be dismissed.

The *Abbasi* court explained that, to determine whether a *Bivens* remedy is available for a claim under the Constitution or federal law the court must first determine whether the claim arises in a new *Bivens* context. *Abbasi*, 137 S.Ct. at 1864. If the case presents a *Bivens* context not previously recognized by the Supreme Court, the court must ask whether there are any other "special factors counseling hesitation before authorizing a new kind of federal litigation," including whether there is "'any alternative, existing process for protecting the [injured party's] interest' that itself may 'amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'" *Id.* at 1858 (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)).

A. *New Bivens Context*

Chaplain Jones first argues that Crowder's claim, that Jones infringed on his right to exercise his religion in violation of the First Amendment, is a new *Bivens* context. The Supreme Court has recognized a *Bivens* remedy in only three cases: (1) a Fourth Amendment claim

against federal agents for violating the prohibition against unlawful searches and seizures when they handcuffed a man in his home without a warrant, *Bivens*, 403 U.S. 388; (2) a Fifth Amendment gender discrimination claim against a congressman for firing his female administrative assistant, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) an Eighth Amendment claim brought by an inmate's estate against prison officials for failure to provide adequate medical care for his asthma, *Carlson v. Green*, 446 U.S. 1 (1980). To determine whether a case presents a new *Bivens* context, the *Abbasi* court explained: "If the case is different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new." *Abbasi*, 137 S.Ct. at 1859. The *Abbasi* court explained the following factors that might be considered when determining whether a claim presents a new *Bivens* context:

> Without endeavoring to create an exhaustive list of differences that are meaningful enough to make a given context a new one, some examples might prove instructive. A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id*. at 1859-60. The Court also pointed out that it had declined to extend *Bivens* in a number of contexts:

> a First Amendment suit against a federal employer, *Bush v. Lucas,* 462 U.S. 367, 390 (1983); a race-discrimination suit against military officers, *Chappell v. Wallace,* 462 U.S. 296, 297, 304–305 (1983); a substantive due process suit against military officers, *United States v. Stanley,* 483 U.S. 669, 671–672, 683–684 (1987); a procedural due process suit against Social Security officials, *Schweiker v. Chilicky,* 487 U.S. 412, 414 (1988); a procedural due process suit against a federal agency for wrongful termination, *FDIC v. Meyer,* 510 U.S. 471, 473–474 (1994); an Eighth Amendment suit against a private prison operator, *Malesko, supra,* at 63, 122 S.Ct. 515; a due process suit against officials from the Bureau of Land Management, *Wilkie v. Robbins,* 551 U.S. 537, 547–548, 562 (2007); and an Eighth Amendment suit against prison guards at a private prison, *Minneci v. Pollard,* 565 U.S. 118, 120, (2012).

*Id.* at 1857.

Crowder's free exercise claim in this case is unlike the Fourth Amendment unreasonable seizure claim at issue in *Bivens*, the gender discrimination claim in *Davis*, or the deliberate indifference claim in *Carlson*. Notably, while the Supreme Court has assumed in some cases without deciding that a *Bivens* remedy is available for a First Amendment claim, it has never identified one. *See Wood v. Moss*, 134 S.Ct. 2056, 2066 (2014); *Reichle v. Howards*, 566 U.S. 658 n.4, 1 (2012) ("We have never held that *Bivens* extends to First Amendment claims."); *Ashcroft v. Iqbal*, 556 U.S. 662, 675 2009 (assuming, without deciding, that a free exercise claim was available because the issue was not raised on appeal, but noting that the reluctance to extend *Bivens* "might well have disposed of respondent's First Amendment claim of religious discrimination"). Crowder's free exercise claim, therefore, presents a new *Bivens* context.

B. *Alternative Avenue for Relief and Special Factors*

Jones argues that because there are alternative avenues for relief for Crowder's claimed denial of a request kosher diet and because there are special factors counselling hesitation in implying a *Bivens* remedy, one should not be available in this case.

The *Abassi* court explained that if the context is one in which the Supreme Court has not recognized a damages remedy, then the court must next ask "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Wilkie*, 551 U.S. at 550. "[T]he existence of alternative remedies usually precludes a court from authorizing a *Bivens* action." *Abbasi*, 137 S.Ct. at 1865. The court must also consider whether special factors counsel hesitation in recognizing a *Bivens* remedy.

Jones argues that there are alternative remedies to an implied remedy under *Bivens*, including RFRA and the Bureau of Prisons Administrative Remedy Process. RFRA provides for "appropriate relief" for governmental action that substantially burdens a person's exercise of religion. 42 U.S.C. 2000bb-1. In fact, Crowder is pursuing a RFRA claim in this case and this Court has already determined that he may seek monetary damages under RFRA.[1] In addition, Jones argues, the BOP administrative remedy program "provides . . . another means through which allegedly unconstitutional actions and policies can be brought to the attention of the BOP and prevented from recurring." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001). Crowder alleges that he filed administrative remedy requests regarding the denial of his request to participate in the certified kosher diet program. This administrative remedy program provided him an opportunity for relief. Whether or not he is able to obtain relief through the administrative remedy process or through his RFRA claim, these alternate avenues of relief are available for the claim based on the denial of a kosher diet.

Jones also argues that special factors counsel against the recognition of a *Bivens* remedy for Crowder's Free Exercise claim. In explaining this "special factors" analysis, the *Abbasi* court stated: "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed. Thus, to be a 'special factor counseling hesitation,' a factor must cause a court to hesitate before answering that question in the affirmative." *Abbasi*, 137 S.Ct. at 1857-58. "In sum, if there are sound reasons to think that Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a

---

[1] Jones seeks again to challenge this ruling, this time by arguing that the reasoning of *Abbasi* should apply to limit Crowder's RFRA claim to only injunctive relief. But this Court has already decided that damages are available under RFRA.

wrong, the courts must refrain from creating the remedy in order to respect the role of Congress in determining the nature and extent of federal-court jurisdiction under Article III." *Id.* at 1858.

Jones contends that special factors counseling hesitation include, among other things, the Prison Litigation Reform Act's requirement that an inmate exhaust available administrative remedies before filing a lawsuit. *See* 42 U.S.C. 1997e. Jones also argues that the *Abassi* court explained that courts must consider a "number of economic and governmental concerns" before recognizing an implied cause of action. 137 S.C.t. at 1856. This includes "an assessment of its impact on governmental operations systemwide." *Id.* Jones argues that expanding *Bivens* to Crowder's free exercise claim would negatively impact the Bureau of Prisons' policies governing religious diets and individual chaplains' discretion in providing religious services to inmates.

Here, because the administrative remedy process and RFRA both provide avenues for relief when an inmate, like Crowder, believes he has been wrongfully denied a religious diet, this Court will not find that Crowder has an implied right of action under the First Amendment to pursue his claim and his First Amendment claim must be dismissed.

### III. Conclusion

For the foregoing reasons, the motion to dismiss, dkt. [97], is **granted**. Crowder's First Amendment claim is dismissed. This action shall continue to proceed to trial on his claim under RFRA.

**IT IS SO ORDERED.**

Date: 11/29/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RICKY CROWDER
15807-039
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jaclyn Susan Gessner
BARNES & THORNBURG LLP
jgessner@btlaw.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE
Gina.Shields@usdoj.gov